596    APPELLATE COURTS OF ILLINOIS.

Hoof Brothers Co. v. Jiffy Auto Curtain Co. et al., 189 Ill. App. 596.

## Hoof Brothers Company, Defendant in Error, v. Jiffy Auto Curtain Company and Frank H. Ilse, Plaintiffs in Error.

### Gen. No. 19,134.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1913.    Reversed and remanded.    Opinion filed November 25, 1914.

### Statement of the Case.

Suit by Hoof Brothers Company, a corporation, against the Jiffy Auto Curtain Company, Frank H. Ilse and the French Auto Top Supply Company to collect for goods claimed to have been delivered at the common office of all three defendants.    Ilse was the patentee of a vehicle curtain known as the Jiffy curtain which was controlled by the Jiffy Auto Curtain Company, Ilse being its president and general manager.    The French Auto Top Supply Company was in the business of manufacturing and selling the Jiffy patent, Ilse being its secretary, treasurer and general manager.    The suit was dismissed as to the French Auto Top Supply Company, but judgment was rendered against the Jiffy Auto Curtain Company and Frank H. Ilse who sued out this writ of error.

EDDY, WETTEN & PEGLER, for plaintiffs in error.

STEDMAN & SOELKE, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1.    CORPORATIONS, § 322—*when officer is liable for debts of corporation.*    Evidence *held* to support a finding that an officer of a cor-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

poration agreed with a seller of certain goods that if such seller would deliver the goods to a corporation in which the officer was interested he would personally pay for the same.

2.  CORPORATIONS, § 441*—*when corporation may guaranty debts of another corporation.* Evidence *held* insufficient to show that a commercial corporation promised to pay for goods delivered to another corporation, and since such commercial corporation had no authority to become the guarantor of the obligations of others, any attempt on its part to do so would have been void.

3.  APPEAL AND ERROR, § 1793*—*what is effect of partial reversal.* When a joint judgment against two or more defendants who are sued on the same theory of liability, and who rely on the same theory of defense, is reversed on appeal or writ of error as to one of such joint defendants, it must be reversed as to all.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.